**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONNA SCHAPPELL, *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>CHILDREN'S HOSPITAL OF PHILADELPHIA, *et al.*,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No. 25-06475-JMY |

**Memorandum**

**Younge, J.** November 13, 2026

Currently before this Court is Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C § 1447(c). (ECF No. 56.) This Court will grant Plaintiffs' Motion because all claims supporting federal jurisdiction have been dismissed, and the interests of judicial economy, convenience, fairness, and comity favor remanding the remaining state-law claims to state court.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY:

### A. Procedural History:

On October 14, 2025, Plaintiffs initiated this action by filing a Complaint in the Court of Common Pleas, alleging that Defendant Children's Hospital of Philadelphia ("CHOP") provided negligent medical care to their son, Minor Plaintiff A.B.S. (Complaint, ECF No. 1.) Plaintiffs also asserted breach-of-contract and bad-faith claims against Defendants Amerihealth Caritas Services LLC, Keystone Family Health Plan, Inc. d/b/a Keystone First, Vista Health Plan, Inc., Independence Blue Cross, LLC, and Independence Health Group (collectively, "Insurance Defendants") (Id.) On November 14, 2025, Defendants Amerihealth Caritas Services LLC, Keystone First, Keystone Family Health Plan, Inc., and Vista Health Plan, Inc. filed a Notice of Removal. (Id.) Removal was premised on federal-question jurisdiction arising from Plaintiffs' claims against the Insurance Defendants under the Medicaid Act, 42 U.S.C. § 1396 *et seq.*, and

federal-officer jurisdiction under 28 U.S.C. § 1442. (Id.) Plaintiffs subsequently dismissed all claims against the Insurance Defendants. (ECF No. 54, 55.) Accordingly, only Plaintiffs' negligence and corporate negligence claims against CHOP remain.

**B. Factual Background:**

Minor Plaintiff A.B.S., born October 1, 2008, allegedly became permanently paralyzed from the waist down at age 13 as a result of the neurotoxic side effects of experimental cancer treatment he received at Children's Hospital of Philadelphia ("CHOP"). (Complaint.) The Complaint identifies Plaintiffs Donna Schappell and Cody Belville as the parents and natural guardians of A.B.S., who bring claims on his behalf. (Id. ¶ 11; see also id. Counts I–IV.) Defendants Amerihealth Caritas Services LLC, Keystone First, Keystone Family Health Plan, Inc., and Vista Health Plan, Inc. provided insurance coverage for A.B.S. (Id.; see also Answer, ECF No. 9.) Plaintiffs allege that a pre-treatment brain MRI would have enabled A.B.S.'s treatment providers to determine that the experimental treatment was not a viable option for him and to pursue an alternative course of treatment. (Id.) Plaintiffs further allege that the sole reason A.B.S. did not undergo the pre-treatment MRI was a financial decision made by the Insurance Defendants. (Id.)

**II. LEGAL STANDARD:**

Federal district courts have original jurisdiction over civil actions arising under federal law. 28 U.S.C. § 1331. Additionally, 28 U.S.C. § 1442(a)(1) permits removal of actions against persons acting as federal officers for conduct performed under color of federal office. However, when all claims over which a district court had original jurisdiction have been dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state-law claims. 28

U.S.C. § 1367(c)(3). In removal actions, the district court may remand the remaining state-law claims to state court. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 785 (3d Cir. 1995).

In determining whether to exercise supplemental jurisdiction, courts must weigh the interests of judicial economy, convenience, fairness, and comity. *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). The Third Circuit has established a presumption in favor of declining supplemental jurisdiction when all federal claims are dismissed before trial, unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for retaining jurisdiction. *Dirauf v. Berger*, 57 F.4th 101, 108 n.6 (3d Cir. 2022); *Beckinger v. Twp. of Elizabeth*, 434 F. App'x 164, 170 (3d Cir. 2011). In weighing these factors, courts consider the stage of litigation, including the extent of discovery conducted and judicial resources expended. *See Dirauf*, 57 F.4th at 105. Courts must also consider whether remand would result in parallel proceedings in federal and state court. *Borough of W. Mifflin*, 45 F.3d at 787. Where federal claims are dismissed at an early stage of litigation and no affirmative justification exists for retaining jurisdiction, remand of the remaining state-law claims is generally appropriate. *Hedges*, 204 F.3d at 123 (citing *Borough of W. Mifflin*, 45 F.3d at 788.

## III. DISCUSSION:

The Court finds that remand is appropriate because the considerations of judicial economy, convenience, fairness, and comity favor declining supplemental jurisdiction over Plaintiffs' remaining state-law claims. Although this action was originally removed on the basis of federal-question and federal-officer jurisdiction, Plaintiffs have since dismissed all claims against the Insurance Defendants. (ECF Nos. 54, 55.) Consequently, only Plaintiffs' negligence and corporate negligence claims against CHOP remain. Because these claims arise under

Pennsylvania law, the Court must determine whether exercising supplemental jurisdiction is warranted under 28 U.S.C. § 1367(c)(3).

First, the interests of judicial economy favors remand in this instance. Plaintiffs' dismissal of the Insurance Defendants has eliminated the claims upon which removal was premised. The remaining claims concern CHOP's alleged negligent medical treatment of A.B.S. Although this action has been pending in federal court since November 2025, the Court does not believe that the passage of time alone establishes that judicial economy favors retaining jurisdiction. The Court has not expended substantial judicial resources in this matter, as the discovery deadline has not yet passed and the pretrial conference is not scheduled until June 23, 2027. Accordingly, the case remains in a relatively early stage of litigation, and considerations of judicial economy favor remand. Absent an affirmative showing that retaining jurisdiction would preserve substantial judicial resources, this factor favors remand.

Second, convenience and fairness favor remand. Plaintiffs originally filed this action in the Pennsylvania Court of Common Pleas, and the remaining claims involve the same alleged medical treatment giving rise to the original action. Remanding the case would return the Parties to the forum initially selected by Plaintiffs without requiring them to initiate a separate action. Moreover, because all claims against the Insurance Defendants have been dismissed, remand would not divide the remaining claims between federal and state courts. Nothing in the procedural history provided suggests that resolving the remaining claims in state court would impose an undue burden on either party. Accordingly, absent a showing of prejudice or substantial inconvenience, these considerations favor remand.

Third, comity weighs in favor of remand. The only remaining claims concern negligence and corporate negligence arising from medical treatment provided by CHOP. These claims are

governed by Pennsylvania law and do not, as pleaded in the facts provided, independently present a federal question. Pennsylvania courts have a substantial interest in resolving claims arising under their own laws. Because the claims supporting removal have been dismissed, retaining jurisdiction would require this Court to adjudicate exclusively state-law claims. Thus, comity favors allowing the Pennsylvania courts to resolve the remaining dispute.

Finally, the Third Circuit has established a presumption in favor of declining supplemental jurisdiction when all claims supporting original federal jurisdiction have been dismissed before trial, unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for retaining jurisdiction. Here, the dismissal of all claims against the Insurance Defendants leaves only state-law negligence and corporate negligence claims against CHOP. Accordingly, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and will remand this action to the Pennsylvania Court of Common Pleas.

## IV. CONCLUSION:

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiffs' Motion to Remand will be granted, and this action will be remanded to the Court of Common Pleas.

BY THE COURT:

/s/ John Milton Younge
Judge John Milton Younge